**Mack W. and Mary E. CURL, d/b/a
Curl's Tavern, Appellants,**

v.

**A. J. BARTHOLOMEW, Alcoholic Beverage
Admr. of The City of Louisville, et al.,
Appellees.**

Court of Appeals of Kentucky.

Feb. 20, 1959.

John S. Milliken, Jr., Louisville, for appellants.

Foster E. De Wees, Luther M. Roberts, Leon J. Shaikun, Louisville, for appellees.

BIRD, Judge.

By order of the State Alcoholic Beverage Control Board, Mack W. Curl and Mary E. Curl were granted a license to retail liquor at 1510 South Brook Street in Louisville, Kentucky, a city of the first class. The order of the Board was reversed by judgment of the Franklin Circuit Court directing the Board to deny the license. The Curls appeal from this judgment.

The place for which the license is sought is within 100 feet of the retail liquor store of Henry C. Korfhage, one of the appellees.

On June 17, 1954, KRS 241.075 became effective. It reads as follows:

"(1) The State Alcoholic Beverage Control Board shall, for the purpose of regulating the location of retail package liquor and retail drink licenses in cities of the first class, divide such cities into 'downtown business areas' and 'combination business and residential areas.'

"(2) No retail package liquor or retail drink license shall be granted or issued to any licensee who proposes to sell retail package liquor or liquor by the drink at a location within seven hundred feet of the location of any similar establishment in any combination business and residential area, nor shall such license be granted or issued to any licensee who proposes to operate at a location in a combination business and residential area within seven hundred feet of a similar establishment located in a downtown business area. This section shall not affect location of such establishments in downtown business areas of such cities."

On November 15, 1954, the Board pursuant to the mandate of the statute adopted an order, LCS 119, zoning the city of Louisville. This order however was not filed with the Legislative Research Commission until November 23, 1955. Curls' application for license was filed after the effective date of the statute and after the zoning order was adopted pursuant to the statute. The application, however, was filed before the zoning order, LCS 119, was filed with the Legislative Research Commission.

Under LCS 119 the South Brook Street location was zoned as a "combination business and residential area." It is within seven hundred feet of the Korfhage place and the Curls could not therefore be granted a license to retail liquor at that place. However, it is contended that LCS 119 had not been recorded with the Legislative Research Commission and was therefore not effective either at the time of application for license or at the time the Board granted it. To support this contention appellants cite KRS 13.085 which provides that, in order to be effective, regulations made by a state agency must be filed with the Legislative Research Commission. They further contend that, since LCS 119 was not effective, the Board's previous regulation LCS 73 governing such licenses was still in effect and that the Board's order granting the license was valid under LCS 73. It may be that LCS 73 was in full force and effect at the time KRS 241.075 became effective, and it may be that the Board's action would have been authorized under LCS 73. However, it is the opinion of the Court that KRS 241.075 supersedes LCS 73 and other conflicting laws and regulations governing the granting of retail liquor licenses in cities of the first class.

The State Alcoholic Control Board had no authority after June 17, 1954, to issue any license except in conformity with the provisions of KRS 241.075 and there was no authority therefore for the granting of the license to the Curls. The Franklin Circuit Court was correct in reversing the Board and denying the license.

The judgment of the Franklin Circuit Court is affirmed.